On Application for Rehearing.
PER CURIAM.
The distinction between the instant case and that of Gachet v. City of New Orleans, 52 La. Ann. 813, 27 South. 348, is that in the latter case the assessment had not yet been closed when the sale to the city was made, whereas in the instant ease it had. The assessment in the Gachet Case had been made under Act No. 96, p. 119, of 1882, as amended by Act No. 107, p. 142, of 1884, section S, according to which the assessment was not closed until the 31st day of July; and the sale to the city had been made the 6th of July, 25 days before the completion of the assessment. In the instant case the assessment was made under the provision of Act .No. 98 of 1886, p. 143, § 25, according to which the assessment must be completed and closed by the 31st of March, and the date of the sale to the city was the 31st of July; that is to say, several months after the assessment had been closed.
Rehearing refused.
On Application to Reopen Case and Amend Decree.
PER CURIAM.
An application is made on behalf of the plaintiff to reopen the case, and amend the decree handed down so as to declare the court to be without jurisdiction ratione materiae as to that branch of the case relating to the amount of the assessment of plaintiff’s property, leaving the judgment final only as to the first and main branch of the case, to wit, that involving the liability vel non to taxation of the franchise held by plaintiff company, and under which it conducts the market in question.
It is proper to observe that nowhere in the pleadings, briefs, or oral argument submitted by counsel for plaintiff was any suggestion made that as to the second branch of the case this court had no jurisdiction.
We are now informed that, holding the property itself to be subject to taxation for the year brought in question in the ease, the tax upon the same is less than $450, and *840 lionce below the minimum jurisdictional limit of this court; and, further, that the case on that branch is now pending on appeal in the Court of Appeal for the parish of Orleans.
We cannot reopen the case, as suggested by counsel, for the reason that final action has been taken refusing the rehearing applied for. But, if it be so that this court was without jurisdiction ratione materise as to that branch of the ease involving the amount of the assessment of the property itself, then the view to be taken is that the judgment of the court as handed down relates only to the first branch of the case— that involving the right of taxation — and not the other branch of it.